UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Catherine Matthews, | Case No. 2:23-cv-00750-CDS-BNW |
| Plaintiff | |
| v. | **Order Granting Defendants'**<br>**Motion to Dismiss and Closing Case** |
| Gaughan South LLC, et al., | [ECF No. 10] |
| Defendants | |

This case brought by pro se plaintiff Catherine Matthews involves an interaction between herself and employees at The Southpoint Hotel Casino and Spa on December 4, 2022. Matthews alleges that because she is a person of color, she was refused service and retaliated against by Southpoint employees in violation of the Civil Rights Act of 1964 and Title II of the Civil Rights Act of 1964. Defendants Gaughan South LLC, Gaughan Straight Holdings, Inc., The Southpoint Hotel Casino and Spa, and Steve Harris (collectively, defendants) move to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. Matthews' opposition to the motion to dismiss was due on or before September 13, 2023.[1] As of the date of this order, no opposition has been filed. For the reasons set forth herein, defendants' motion to dismiss is granted.

I.    **Legal Standard**

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before

---

[1] *See* ECF No. 10; *see also* Local Rule 7-2(b) (stating that the deadline to file and serve any points and authorities in response to the motion—other than summary judgment—is 14 days after service of the motion).

summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

**II.    Discussion**

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing Matthews' claims. Even now, Matthews has failed to file a response even though over a month has passed since the September 13, 2023 deadline. ECF No. 10. *See Yourish*, 191 F.3d at 990 ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). Here, Matthews' non-compliance slows the expeditious resolution of this litigation by delaying the set briefing schedule as well as interferes with the court's ability to manage its docket. *T.G. v. Bd. of Trustees*, 2022 U.S. Dist. LEXIS 133058, *5 (D. Mont. July 6, 2022) ("The Court cannot manage its docket if Plaintiffs do not respond to motions. . . [t]his case [] cannot proceed if Plaintiffs fail to participate.").

The third factor also weighs in favor of dismissing Matthews' claims. There is no apparent risk of prejudice to defendants by dismissing the action at this time; indeed, defendants filed the instant motion to dismiss.

The fourth factor weighs against dismissing Matthews' claims. That is because, as noted *supra*, public policy favors disposing of cases on their merits. This factor is not weighty here, however. First, Matthews did not file a response opposing the motion, making resolution on the merits difficult, if not impossible. *Cf. Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, *17–18 (E.D. Cal. Aug. 17, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here, a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the merits impossible.") (citation omitted). Moreover, a resolution on the merits would not affect the outcome of the relief granted. According to the complaint, Matthews, who is African American, sat down at one of Southpoint's bars and ordered a cocktail which was served to her in what she contends was a "paper" cup, a non-traditional method of presentation. Compl., ECF No. 1 at 4. Matthews claims to have experienced hostility and discrimination from Southpoint employees when she expressed distaste with the cocktail's presentation and alleges that she was ultimately forced to leave the premises. *Id.* at 5. Title II of Civil Right Act of 1964 (Title II) "prohibits discrimination . . . on the ground of race, color, religion, or national origin . . ." *Dunn v. Albertsons*, 2017 U.S. Dist. LEXIS 127815, *6 (D. Nev. Aug. 10, 2017) (citing 42 U.S.C. § 2000a). "To state an actionable discrimination claim under the Act, a plaintiff must allege that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." *Smith v. Caesars Ent. Corp.*, 2019 U.S. Dist. LEXIS 190457, *7 (D. Nev. Nov. 1, 2019) (internal quotation marks and citation omitted). Even taking all of the complaint's allegations as true, and after liberally construing[2] her pleading, Matthews fails to

---

[2] Pro se filings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed...").

state a claim for relief under Title II.[3] Specifically, she alleges no facts that any similarly situated individuals outside of her protected class were treated more favorably than her. *See generally* ECF No. 1. Thus, even considering the merits, dismissal would be appropriate here.

Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here, which will permit Matthews the opportunity to continue to pursue her claims. Accordingly, the fifth factor weighs in favor of dismissal. Thus, after careful consideration of all the relevant factors, I grant defendants' unopposed motion to dismiss.

III.   **Conclusion**

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 10] is GRANTED**.

IT IS FURTHER ORDERED that each of Matthews' claims are dismissed without prejudice. The Clerk of Court is kindly instructed to enter judgment accordingly and close this case.

DATED: October 31, 2023

_____
Cristina D. Silva
United States District Judge

---

[3] In deciding motions for judgement on pleadings, courts are typically limited to the four corners of the complaint. *Beveridge v. City of Spokane*, 2021 U.S. App. LEXIS 21564. at 5* (9th Cir. July 21, 2021) (citing Fed. R. Civ. P. 12(c), (d)).